UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| YONNY MERCEDES, | ) | CASE NO. 4:05 CV1934 |
| | ) | |
| Petitioner, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| WARDEN T.R. SNEIZEK, | ) | |
| | ) | |
| Respondent. | ) | |

On August 5, 2005, pro se petitioner Yonny Mercedes filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Mr. Mercedes, who is incarcerated at the Federal Correctional Institute in Elkton, Ohio (F.C.I. Elkton), filed his petition against the Warden at F.C.I. Elkton, T.R. Sniezek, as a "Motion to Correct Improper Computation of Jail Time Credits." He alleges that the Federal Bureau of Prisons has incorrectly calculated his state sentence, which he claims the district court ordered to run concurrently with his federal sentence. For the reasons stated below, the petition is dismissed pursuant to 28 U.S.C. § 2243.

*Background*

Mr. Mercedes was convicted in the United States District Court for the Southern

District of New York of violating 21 U.S.C. § 846, conspiracy to distribute narcotics. Petitioner alleges that the district court ordered his sentence to run concurrently with a state sentence he was serving at the time. After being sentenced by the federal court, Mr. Mercedes was returned to state prison. He asserts that his "time spent in federal custody was to be credited to all jail credit." (Compl. at i.)

At some point in the year 2002, Mr. Mercedes filed a Request for Administrative Remedy with R.L. Morrison, the warden at F.C.I. Elkton at that time. The Request was received on November 8, 2002 and denied by Warden Morrison on November 26, 2002. The warden advised that Mr. Mercedes was sentenced by the federal court at a time when he was still serving a state term of imprisonment. Although the Northeast Regional Inmate Systems Administrator permitted Mr. Mercedes's federal sentence to run concurrently to his state sentence, the effective date was the date the federal sentence was imposed, January 23, 2001. The warden added: "Because you are doing a life sentence for the State of New York [it] excludes you from receiving any pre-sentence credit." (Req. Adm. Remedy of 11/26/02.)

Mr. Mercedes filed an appeal of the warden's decision to the Regional Director. In his appeal, petitioner requested that he be released from federal custody on the same date his state sentence ended. The appeal was denied by the Regional Director, M. E. Ray, on January 8, 2003. Mr. Ray outlined the relevant facts that supported his decision, as follows:

> On August 11, 1999, you were sentenced in state court to a term of 3-years to life. On August 3, 2000, the U.S. Marshals Service 'borrowed' you pursuant to a Writ of Habeas Corpus Ad Prosequendum. On January 23, 2001, you were sentenced in the U.S. District Court for the Southern District of New York to a 121-month term of imprisonment in violation of 21 U.S.C. § 846, conspiracy to distribute crack cocaine. The Court recommended concurrent service

2

> of your federal sentence with the sentence imposed by the State of New York.  On February 8, 2001, you were returned to state authorities and a detainer was lodged by the U.S. Marshals Service in order to obtain custody of you upon discharge from the state sentence. On April 24, 2002, you were paroled from the New York State Department of Corrections, and turned over to federal custody to complete the remainder of your federal sentence.

Letter from M.E. Ray, Regional Director, BOP, to petitioner (Jan. 8, 2003).  The Director explained that a federal sentence does not begin to run until the date it is imposed. Therefore, even though the federal court permitted his federal sentence to run concurrently with his state sentence, that period of time did not begin to run until after the court sentenced Mr. Mercedes on January 23, 2001.  The Administrator for National Inmate Appeals, concurred with the Regional Director's response on February 21, 2003 and denied Mr.  Mercedes's subsequent appeal.

In his petition before this court, Mr.  Mercedes seeks credit on his federal sentence from August 3, 2000 until February 8, 2001.   This appears to include the period of time he was removed from state prison to await sentencing on federal charges.  He complains that the Bureau of Prisons is improperly limiting his credit from January 23, 2001 until his release from state prison on April 23, 2002. He believes, however, that he should received jail credit for the time he spent in "'official' federal custody."  (Pet. at 2.)

*28 U.S.C. § 2241*

When a prisoner seeks to challenge the execution or manner in which a sentence is served he must file his claim in the court having jurisdiction over his custodian under 28 U.S.C.  § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir.1977).  Here,

3

the court has jurisdiction over petitioner's custodian, Warden Sniezek, whom he has properly named as respondent.

Notwithstanding this court's jurisdiction over a prisoner's custodian, section 2241 still requires prisoners seeking judicial review of sentence computations to first exhaust their administrative remedies, see United States v. Bayless, 940 F.2d 300, 304- 305 (8th Cir. 1991);  United States v. Flanagan, 868 F.2d 336 1544, 1546  (11th Cir. 1989);  United States v. Martinez, 837 F.2d 861, 865-866 (9th Cir. 1988); Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir.1981),  and federal regulations have afforded prisoners administrative review of the computation of their credits, see 28 CFR §§ 542.10-542.16 (1990); United States v. Lucas, 898 F.2d 1554, 1556 (11th Cir.1990). Mr. Mercedes has fully exhausted his administrative remedies through the BOP and the matter is within this court's subject matter jurisdiction.

*Sentence Commencement*

As a threshold matter, the court must clarify Mr. Mercedes's custodial status during the period of time in which he is seeking credit on his federal sentence.  See  United States v. Insley, 927 F.2d 185, 186-87 (4th Cir.1991) (holding that "official detention" in 18 U.S.C. § 3585--the successor statute to section 3568--means "physical incarceration").[1]  To do this requires an explanation on when a prison sentence actually "commences."

It is a legal axiom that the state from which a prisoner is transported retains primary jurisdiction over that prisoner as long as the prisoner is serving an unexpired state sentence.  See

---

[1]At the time Barden was decided the court relied on 18 U.S.C. § 3568 (the predecessor statute to §3585 in effect at that time) to determine when his federal sentence commenced.

4

Thomas v. Brewer, 923 F.2d 1361, 1366-67 (9th Cir.1991) (producing state prisoner under writ of habeas corpus ad prosequendum does not relinquish state custody); Salley v. United States, 786 F.2d 546, 547-48 (2d Cir.1986) (defendant produced and sentenced in federal court via writ of habeas corpus ad prosequendum did not begin to serve consecutive federal sentence until delivered into federal custody).  Federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation. Thomas v. Whalen, 962 F.2d 358, 361 n. 3 (4th Cir.1992); Hernandez v. United States Attorney General, 689 F.2d 915, 918- 19 (10th Cir.1982); Roche v. Sizer, 675 F.2d 507, 509-10 (2d Cir.1982).

At the time Mr. Mercedes was removed from state prison to appear before the United States District Court for the Southern District of New York via writ of habeas corpus ad prosequendum, he was still in state custody. Therefore, because "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served," 18 U.S.C. § 3585, Mr. Mercedes was clearly not received into exclusive federal custody until his state sentence ended on April 23, 2005.  See Coleman v. United States, 94-5127, 1994 WL 573917 (6th Cir. Oct. 17, 1994)(where neither state nor federal court specified intent that sentences run concurrently, no entitlement to credit for time spent in state custody).  However, because the court specified that petitioner's federal sentence was to run concurrently to his state sentence,  the computation of Mr. Mercedes's federal sentence would run from the date the court imposed the sentence, not the date he was taken in to exclusive federal custody.

*Sentencing Credit*

*18 U.S.C. § 3585(b)*

Although Mr. Mercedes does not set forth any basis upon which this court should award him additional credit towards his federal sentence, a federal prisoner is entitled to credit against his sentence pursuant to 18 U.S.C. § 3585. Reno v. Koray, 515 U.S. 50, 50 (1995)(under 18 U.S.C. § 3585(b), a defendant generally must "be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences"). The statute provides, in relevant part, that:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

18 U.S.C. § 3585(b)(emphasis added). However, evolved legal precedent also teaches that the credit against the federal sentence attaches only when the federal detainer is the exclusive reason for the prisoner's failure to obtain his release on bail.

Prior to the time Mr. Mercedes was sentenced by the federal court, he was still serving an unexpired state sentence. Under the circumstances, it is apparent that it was not the writ of habeas corpus ad prosequendum which impeded or affected his release from continued confinement, but the state sentence he was still serving. Therefore, because his failure to obtain release was not caused by the federal detainer, Mr. Mercedes was not entitled to a credit against his federal sentence. Shaw v. Smith, 680 F.2d 1104 (5th Cir.1982); O'Connor v. Attorney General, 470 F.2d 732 (5th Cir.1972);

6

Boyd v. United States, 448 F.2d 477 (5th Cir.1971); United States v. McCrocklin, 410 F.2d 1137 (6th Cir.1969).

   Moreover, the court could not award credit to a sentence when credit has been applied to another sentence for the same time period.  Because petitioner received credit toward his state sentences for the time period he was awaiting federal sentencing question, he may not receive credit for this time toward his federal sentence. See 18 U.S.C. § 3585(b); United States v. Wilson, 503 U.S. 329, 337 (1992); McClain v. Bureau of Prisons, 9 F.3d 503, 505 (6th Cir.1993). If he were credited for this time against his federal sentence, he would receive improper double credit. See 18 U.S.C. § 3585(b); Wilson, 503 U.S. at 337; McClain, 9 F.3d at 505.  The BOP's computation of his sentence to commence on the date the federal sentence was imposed is the fullest expression of the court's authority to run the sentences concurrently.

   Based on the foregoing, the petition is dismissed pursuant to 28 U.S.C. § 2243.  The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

   IT IS SO ORDERED.

        S/Peter C. Economus - 9/8/05    
        PETER C. ECONOMUS
        UNITED STATES DISTRICT JUDGE